IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

USBC#-07-71305

IN RE FORT WORTH DEVELOPMENT, INC.,

Debtor.

No. 2:07cv490

ORDER AND OPINION

On November 13, 2007, this Court held a hearing on Movant Mega International Commercial Bank, Ltd.'s Motion to Withdraw the Reference With Respect to the Debtor's Bankruptcy Case and for the Consolidation of the Debtor's Bankruptcy Case with the Litigation Pending in the United States District Court. Doc. 3. For the reasons stated herin, this motion is **DENIED**.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This motion arises out of the same set of facts involved in another case before the Court captioned Hung-Lin Wu, et al. v. Stanley F.C. Tseng, et al., no. 2:06cv346 (the "Tseng Case"). Plaintiffs in the Tseng Case, Hung-Lin Wu ("Plaintiffs"), are attempting to satisfy a judgment they achieved over Defendant Stanley F.C. Tseng and various entities under his control, including Defendant Fort Worth Properties, Inc., in Florida state court. Plaintiffs are seeking (1) to have Tseng and Fort Worth Properties, Inc. declared the alter egos of Debtor Fort Worth Development, Inc. ("FWD") so that Plaintiffs can pierce the respective corporate veils and reach the assets of FWD and (2) to have certain conveyances made by FWD declared fraudulent or voluntary under Virginia law. See 2:06cv346; Doc. 2 (Amended Complaint). Tseng controls FWD as well as

- 1 -

several other entities in the Tidewater area. Id.

Movant Mega International Commercial Bank, Ltd. (the "Bank") is a Defendant in the Tseng Case. Id. The Bank is a part of the Tseng Case because it has a competing claim to the proceeds of the property involved in the conveyances. Id. Plaintiffs seek to void two (2) deeds of trust on this property that were used as collateral for loans made by the Bank to FWD and another entity controlled by Tseng. Doc. 5 at 6 (Memorandum in Support of Motion). Plaintiffs allege that the Bank was aware of and participated in Tseng's fraudulent behavior as to these loans. See 2:06cv346; Doc. 2. Additionally, Plaintiffs contend that the Bank gave little consideration for the deeds of trust; thus, Plaintiffs allege that the deeds of trust were voluntary conveyances. Id. FWD defaulted on its loan from the Bank in March 2006. Doc. 5 at 4. The Bank instituted foreclosure proceedings on the property. Id. The property was sold at a foreclosure sale, but the sale has not been finalized because of the pending litigation. Id. at 5.

In June 2007, Plaintiffs filed an involuntary bankruptcy petition against FWD (the "Bankruptcy Case"). See id. at 5-6. FWD has not made an appearance or filing in the Bankruptcy Case to date. Id. at 6. On August 2, 2007, the bankruptcy court entered an Order for Relief under Chapter 7 of the Bankruptcy Code and appointed Tom C. Smith as the Chapter 7 Trustee. Doc. 6 at 4 (Plaintiffs' Opposition Memorandum). According to Plaintiffs, the Bankruptcy Case was filed to preserve a cause of action available under the Bankruptcy Code that was not available under Virginia law, and thus could not be litigated as part of the Tseng case. Id. However, whether the two (2) conveyances are fraudulent or voluntary is also at issue in the Bankruptcy Case, as distribution of FWD's assets depends on the resolution of these claims. Doc. 5 at 8. The Bank filed the present

motion because it argues that the nature of the Tseng Case and the Bankruptcy Case means that it will litigate the same issues twice. Docs. 3 and 5. Both the Plaintiffs and the Chapter 7 Trustee of FWD (the "Trustee") oppose this Motion. Doc.6; Doc. 7 (Trustee's Opposition). The Bank replied to both memoranda. Doc. 8.

## II. STANDARD OF REVIEW

28 U.S.C. § 157(d) allows the Court to withdraw the reference to a bankruptcy judge and hear all or part of a bankruptcy case "for cause shown." The Fourth Circuit has stated that the following factors are useful in determining whether or not cause is shown: (1) whether the proceeding is core or non-core, (2) whether there is a jury demand, (3) whether withdrawal would further uniformity in bankruptcy administration, (4) whether withdrawal would reduce forum shopping, (5) whether withdrawal would foster economical use of debtors' and creditors' resources, and (6) whether withdrawal would expedite the bankruptcy process. In re US Airways Grp., Inc., 296 B.R. 673, 681-82 (E.D. Va. 2003). Core proceedings are listed under 28 U.S.C. § 157(c), and include proceedings to determine, avoid, or recover fraudulent conveyances. There is a strong presumption that bankruptcy proceedings should remain with the bankruptcy court. In re Winstar Commc'ns, Inc., 321 B.R. 761, 763 (D. Del. 2005). FED. R. CIV. P. 42(a) allows consolidation of cases that share a common question of law and fact. Consolidation of such cases is left to the discretion of the Court. In re Hutchinson, 5 F.3d 750 (4th Cir. 1993).

### III. ANALYSIS

The Bank argues that the issues in the Bankruptcy Case are identical to the issues in the Tseng Case. Doc. 5 at 8. The Bank states that FWD's only possible asset is the involved property or the proceeds thereof and that the only creditors of FWD are Plaintiffs and the Bank. Id. The Bank argues that consolidation of the Bankruptcy Case with the Tseng Case would expedite resolution, as the trial in the Tseng Case is set for the end of November and the Bankruptcy Case has been moving slowly. Id. at 8-9. The Bank argues Plaintiffs are engaging in forum shopping by filing multiple actions in different courts. Id. at 9. The Bank also argues that consolidation would promote the economic use of both the Court and the parties' resources, as it would extinguish the "potential risks of inconsistent rulings and procedural problems" so that the Bank does not have to "litigate substantially similar issues in two different fora before two different federal judges." Id. At the hearing, the Bank confirmed that the possibility of relitigation is its primary concern. See 2:06cv346; Doc. 141.

Plaintiffs contend that the Bank's Motion is inappropriate and impractical. Doc. 6. Plaintiffs contend that the Bank cannot show good cause for consolidating these cases. Id. at 11. Plaintiffs emphasize that trial for the Tseng Case is approaching quickly and the Trustee will be prejudiced by having little time to prepare. Id. at 2. Plaintiffs argue that "the Trustee's authority to independently investigate and pursue causes of action" will be harmed as he will be deprived of a meaningful opportunity to participate. Id. at 10. Plaintiffs state that filing the Bankruptcy Case was not an exercise in forum shopping, but was meant to preserve certain causes of action under the bankruptcy code that are not available under state law. Id.

- 4 -

The Trustee echoes Plaintiffs' concerns. See Doc 7. He states that granting the Bank's Motion would "prejudice the Chapter 7 Trustee's ability to administer the bankruptcy estate" by placing him in the difficult position of having to prepare for a trial involving "significant issues and assets" within a few weeks. Id. at 1. Preparation for trial would also take time away from the Trustee's bankruptcy responsibilities, including administering the case, reviewing the pre-petition activities of the debtor and creditors, and adequately evaluating the assets of the bankruptcy estate. Id. The Trustee points out that normally, only single contested matters are withdrawn to a district court, not an entire bankruptcy proceeding. Id. at 2. The Trustee asserts that keeping the Bankruptcy Case with the bankruptcy court is appropriate because core issues are at stake. Id. Additionally, the Trustee asserts that the uniform administration of the Bankruptcy Case is served by keeping the case with the bankruptcy court, which has the expertise in routine bankruptcy issues that would be difficult and time consuming for this Court to consider. Id.

Although the Court sympathizes with the Bank's desire to litigate all issues at once, withdrawal and consolidation are simply impractical this close to trial. At this point, it would cause an undue and prejudicial burden on the Trustee for this Court to consider FWD's bankruptcy along with rest of the Tseng Case. Additionally, the bankruptcy court has the expertise to handle the Bankruptcy Case while this Court does not routinely handle such matters. This Court does, however, have factual expertise on the Tseng Case. This Court has substantial knowledge of the facts underlying the dispute and is a proper forum to determine the claims presented. The only factor that weighs in favor of consolidation is the possibility of inconsistent rulings. This issue was discussed

at the hearing. See 2:06cv346; Doc. 141. It appears that the Plaintiffs may be forced to assign their claim to the Trustee if they are successful in the Tseng Case. The Trustee may be the only party that has standing to bring actions on behalf of FWD for the benefit of its creditors, including Plaintiffs and the Bank. Additionally, if the Bank is successful at the Tseng Case trial, the Trustee may be bound by this Court's decision by virtue of collateral estoppel. Thus, the precise issues may not be relitigated.

### IV. CONCLUSION

For the reasons outlined above, the Court **DENIES** the Bank's Motion.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 19, 2007

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
DEPUTY CLERK

Entered on USBC Dist Docket 11/21/07
Ken Kelly

- 6 -